## STATE v. FUSSELL.

INDICTMENT: *For practicing medicine without registration.*

An indictment charging the defendant with practicing medicine "without having filed with the county clerk a certificate of the county board of medical examiners, and without having a certificate of registration from any county clerk in the State," does not negative that the defendant had, in fact, been duly registered as a physician, and is insufficient.

APPEAL from *Greene* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*D. W. Jones*, Attorney General, for Appellant.

The indictment meets all the requirements of *Secs. 4641-3-9, Mansf. Dig.*

*J. E. Riddick* for Appellee.

The offense consists in practicing medicine *without being registered. Mansf. Dig., Sec.* 4655. The allegations that Defendant practiced without having filed a certificate of medical examiners, and without a certificate of registration, constitute no crime. It is not always necessary to file the certificate of examiners, *Ib. 4652,* and the failure of the clerk to give him a certificate would be a breach of duty of the clerk, but not a crime on part of Defendant. *Ib., Sec. 4649.*

4——45

State v. Fussell.

COCKRILL, C. J.  It is a misdemeanor for any person to practise medicine in this State without being registered as a physician in the office of a county clerk.  *Mansf. Rev. Stat.*, *4641, 4655.*  When one is registered, it is the duty of the clerk to give him a certificate of the fact, and this serves him as evidence of his registration and right to practise in his profession in any county in the State.  A clerk of the proper county is required to register a physician whose qualification to practise is shown by either of several modes—proof of five years reputable practice before the passage of the act, or a certificate from the county or state board of medical examiners.

In an indictment against the Appellee under this statute it is alleged that he practised medicine for pay "without having filed with the county clerk of Greene county a certificate signed by a majority of the county board of medical examiners of said county, and without having a certificate of registration over the signature and official seal of any county clerk in the State of Arkansas."  This may all be strictly true, but it does not follow that the Appellee has not been in fact properly registered as a physician.  He may have pursued a different method from that negatived in the indictment to secure his registration in Greene county, or he may have been registered in some other county on a certificate from its board of examiners, and the clerk of the county where the registration was effected may have neglected to issue or deliver to him his certificate of registration, or he may have lost it after delivery.  The offense lies not in practising medicine without a certificate of registration, but without registration itself.  Registration is the substantive thing under the act, and the clerk's certificate is only a mode of proving it.  An indictment under this statute which does not allege in some form a failure to register charges no offense.

The Circuit Court sustained a demurrer to the indictment in this case, and the judgment is affirmed.

1. INDICT-MENT, for practising medicine without registration.